United States District Court
Southern District of Texas
**ENTERED**
September 12, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GEORGE A. GARY, TDCJ #01861287, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:15-CV-340 |
| VS. | § § | |
| LARRY G. DOYLE, et al, | § § § § | |

## ORDER OF DISMISSAL

Plaintiff George Gary (TDCJ #01861287), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. He asserts that the two defendants, officials at TDCJ's Wayne Scott Unit, denied him access to safe drinking water. One defendant, Larry G. Doyle, has filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. 23). The Texas Attorney General has informed the Court that his office has been unable to secure authority to represent the other defendant, Crafte Retasslyn; has provided Retasslyn's last known address; and has moved to seal that address (Dkt. 24). The Texas Attorney General served both the motion to dismiss and the motion to seal on Gary eight months ago (Dkt. 23 at p. 13; Dkt. 24 at p. 4), and Gary has not responded to either motion.

1

The Court will seal Retasslyn's last known address and dismiss this case without prejudice for failure to prosecute and failure to comply with the Court's order serving this lawsuit on the Texas Attorney General. The Court, in that order of service, specifically ordered Gary to respond to any motion to dismiss within thirty days of the date on which the defendants mailed Gary his copy, as shown on the defendants' certificate of service (Dkt. 21 at pp. 2–3). Failure to so respond, the Court admonished Gary, could result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure (Dkt. 21 at pp. 2–3). The Texas Attorney General filed a motion to dismiss on behalf of Doyle and served that motion on Gary on January 10, 2017 (Dkt. 23 at p. 13). Gary has not responded to the motion and has not contacted the Court in any way since a month before Doyle's motion was filed.

A court may dismiss an action *sua sponte* for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031–32 (5th Cir. 1998). "This authority flows from the Court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Gary's deadline to respond to Doyle's motion to dismiss has long since passed, and he has not contacted the Court in any way in nine months.

Based on the foregoing, the Court **ORDERS** as follows:

1. This case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with the Court's order requiring the plaintiff to respond to any dispositive motion within thirty days of that motion's service. **The plaintiff may reopen the case by filing a motion to**

**reopen, accompanied by a response to Defendant Larry Doyle's motion to dismiss, within sixty days of the date of this order.**

2. Defendant Larry Doyle's motion to dismiss (Dkt. 23) is **DENIED** but will be considered reurged if the plaintiff files a motion to reopen that complies with the above instructions.

3. The Texas Attorney General's motion to seal Defendant Crafte Retasslyn's last known address (Dkt. 24) is **GRANTED**.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED at Galveston, Texas on September 11, 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE